VICENTE GARZA V. THE STATE.

No. 16274. Delivered January 24, 1934.
Appeal Reinstated March 7, 1934.
Reported in 69 S. W. (2d) 110.

The opinion states the case.

*DeWitt Murray,* of Floresville, and *W. H. Blanton,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for cattle theft; punishment, two years in the penitentiary.

Examining this record we observe that same contains no notice of appeal. Without such notice of appeal, duly given and entered upon the minutes of the court below,—which fact should appear in the record on appeal,—this court is without jurisdiction.

The appeal is dismissed.

*Dismissed.*

### ON REINSTATEMENT OF APPEAL.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft, and his punishment assessed at confinement in the state penitentiary for a term of two years.

At a former day this case was dismissed because the record failed to show that notice of appeal was given in open court. Since then the record has been perfected, and upon motion duly made the appeal is reinstated and the case will now be considered on its merits.

It appears from the record that the appellant, Frank Valdez, Salvador Garcia, and Malicia Acosta were all indicted separately for the theft of a yearling belonging to Mike Yndo. Frank Valdez, one of the codefendants, after stating that he had been led to believe he would receive immunity, testified for the state that the appellant, Garcia, Acosta, and himself went to Yndo's pasture at nighttime, killed a yearling, and took the meat home in a sack. Refugio Valdez, the wife of Frank Valdez, testified for the state that she knew Salvador Garcia, Malicia Acosta, and Vincente Garza that they were all at her home on Saturday night, April 22nd; that they, together with her husband, left home about 9 o'clock that night; that the next day she saw appellant but he said nothing to her; that on the 26th of April she saw the appellant again and he told her that he killed a calf by shooting it. Miguel Zepeda testified that on Sunday night appellant came to his home about midnight with a fore quarter of meat and gave it to him, the witness; that he, Zepeda, supposed at the time it was stolen

meat but that he did not know for sure. D. J. Acosta testified that he was a deputy sheriff of Wilson County and on or about the 25th of April, 1933, he arrested Frank Valdez, Salvador Garcia, Malicia Acosta, and the appellant who were charged with the theft of said yearling; that Valdez asked him what that yearling would cost; that they would pay for it, and when he asked Valdez who was with him he said Salvador Garcia, Malicia Acosta, and Vicente Garza; that Valdez also told him that Garza had told him, Valdez, that he, Garza, killed the yearling. The appellant did not testify.

By bill of exception No. 1 the appellant complains of the action of the trial court in permitting the wife of Frank Valdez, one of the codefendants to testify that on the night of April 22nd her husband and Malicia Acosta left home about 9 P. M. and later returned with some meat; that on the 26th of April, Vicente Garza told her he shot the calf, to which the appellant objected because the witness was the wife of one of the codefendants whose case has not been disposed of and that under the law she could not testify against her husband, a co-defendant, although separately indicted, which objection was by the court overruled and the appellant excepted. There would probably be some merit in the appellant's exception if Frank Valdez, the husband of said witness, had not taken the witness stand and admitted his connection with the theft of the yearling, but inasmuch as he testified and admitted his guilt, we do not think that there was any error in the court's action in overruling the appellant's objection.

By bills of exception 2, 3, 4, 5, and 6 the appellant complains of the action of the trial court in permitting the witness D. J. Acosta, deputy sheriff of Wilson County, to testify that Frank Valdez told him that Salvador Garcia, Malicia Acosta, and Vincente Garza were all together in butchering the calf; that he, the said Valdez, took his part of the meat home and ate it; that Vicente Garza killed the calf by shooting it; that they skinned the calf, cut it up, and took the meat home in sacks, to which the appellant objected because it was hearsay, was an admission by one of the defendants after the consummation of the alleged offense, and was not made in the presence of the appellant, which objections were by the court overruled. The court in his qualification to said bill certifies that said Valdez was not under arrest at the time. It appears to us, however, that it is immaterial whether he was under arrest or not since the statement was made after the conspiracy to commit the offense had ended and in the absence of the appellant. It is well established by an unbroken line of authorities that after

a conspiracy to commit the offense has ended, the declarations of one coconspirator or codefendant, in the absence of the other coconspirators, cannot be introduced as evidence against any of the other coconspirators, and in support of the proposition we refer to the following cases: Henry v. State, 272 S. W., 475; Goodman v. State, 285 S. W., 821; and Mixon v. State, 31 S. W., 408.

The appellant also complains of the action of the trial court in instructing the jury in one paragraph of his charge that Frank Valdez was an accomplice as a matter of law, and then, in another paragraph, he instructed the jury that "if they believed from the evidence that Frank Valdez was an accomplice, or if they had a reasonable doubt thereof, then they could not convict the defendant upon Frank Valdez's testimony alone, etc." The appellant objected to said charge because one was a contradiction of the other and calculated to mislead the jury. We are of the opinion that there is merit in the appellant's contention because said two paragraphs of the court's charge are inconsistent with each other. Valdez was an accomplice as a matter of law and the court was correct in instructing the jury in the first instance, and therefore should not have incorporated the charge which left it to the jury to determine whether he was an accomplice. It was appellant's legal right to have the jury unequivocally instructed that Valdez was an accomplice. It has been consistently held by this court that where one part of the court's charge is contradictory of another part of the charge, or the same are inconsistent with each other, and the jury may have been misled thereby, that the same is error. See Haynes v. State, 10 Texas App., 480; Huddleston v. State, 112 S. W., 64.

The appellant also objected to the court's charge because it failed to instruct the jury that if they believed from the evidence that the witness Miguel Zepeda received part of the meat of the stolen yearling knowing it to have been stolen, or under circumstances which made him guilty of receiving stolen property, then he would be an accomplice, and if they so found, then they could not convict the appellant upon the testimony of Zepeda alone. We believe that this position is well taken and is in accord with the decisions by this court in the case of Walker v. State, 37 S. W. 423, and Johnson v. State, 125 S. W., 16.

The appellant also objected to the court's charge in that it failed to instruct the jury that the wife of Frank Valdez was an accomplice witness because she had retained and used part of the meat of the stolen animal knowing it to have been stolen. We do not agree with the appellant's contention, but if, upon

another trial, there should be evidence from which the jury may conclude that she was an accomplice, then the court should submit the issue to the jury.

For the errors above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.