JESSE SLOAN v. THE STATE.

No. 17599. Delivered June 26, 1935.

The opinion states the case.

*Cocke & Cocke,* of Wellington, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

H. M. Dowdy operated a store in Marilla. On the night of the 25th of September, 1934, Ray Fisher entered the store, and, exhibiting a pistol, took from the possession of Mr. Dowdy fifteen dollars in money, two watches, some tobacco and candy. Fisher testified for the State and admitted that he committed the offense. According to his version, he had discussed the robbery with appellant several days before. Appellant had not agreed to participate with him. He testified that he and appellant were walking in the direction of the store on the night of the robbery when he suggested to appellant that he was going to commit the offense; that appellant said that he (appellant) would not go in as the people in the store knew him; that they kept on walking toward the store until they reached the school house, which was about fifty or seventy-five yards from the place where the robbery was committed; that he told appellant to wait at the school house and to whistle if he saw anyone coming along; that appellant agreed to do this; that he left appellant standing there and went to the store and committed the robbery; that when he returned appellant was still at the school house; that he and appellant started toward appellant's home, where the witness was residing at the time; that they stopped on the way and ate a piece of candy which he had taken from the store; that after they reached home he hid the watches and other property over the door-facing; that he and appellant went to the barn and he hid the tobacco under some maize heads; that the following morning he divided the money with appellant.

A witness for the State testified to having seen appellant and Fisher together walking along the road two and one-half miles from the scene of the robbery just before the store was robbed. Officers testified to having followed a set of tracks from the store to the school house. In the vicinity of the school house they discovered tracks which apparently had been made by someone standing there. These tracks, together with the tracks which came from the store to the school house, were followed along the course Fisher testified that he and appellant traveled after the robbery was committed. Appellant admitted that on the night of the robbery he was wearing some slippers. The officers procured the slippers and discovered that there was a defective heel on one of them. They testified that the tracks found at the school house and followed along the course mentioned appeared to have been made by the slippers appellant had been wearing. One of the officers testified that after appellant had been arrested and released on bond appellant showed

him where the two watches were hidden near his father's place.

Testifying in his own behalf, appellant denied that he participated in the robbery and declared that he tried to persuade Fisher to desist. He admitted that he went down the road toward the store with Fisher after he told him that he was going to commit the robbery. He declared, however, that he was three hundred yards away at the time the offense was committed. He denied that he agreed to keep watch and whistle if anyone came along while Fisher was committing the offense. He testified that Fisher offered him some of the money but he declined to take it. He said that the reason he had carried the watches out and hidden them was because his father had told him to take the stolen property away from his house. He admitted that he ate a piece of the stolen candy as he and Fisher were returning home after the robbery. He testified, further, that he and Fisher were going to a wolf hunt on the occasion of the robbery and that he had no intention at any time of going to the store and participating in the commission of the offense.

Appellant's father testified that he told appellant to take the stolen property away from the house.

We deem the evidence sufficient to support the conviction.

When Fisher was testifiyng it was shown that he had made a written statement to the officers in which he admitted his guilt. The State did not introduce any part of the statement. On cross-examination Fisher was asked concerning certain declarations embraced in said statement. He admitted that he had stated to the officers that appellant refused to go to the store. He stated, further, that he did not say in the statement that appellant agreed to stand outside and whistle if anyone came along, saying that he was not asked that question. He said, further, that he made a full and complete statement in regard to everything that happened. Further, he stated that he told the officers that he and appellant started wolf hunting on the night of the robbery and that neither of them had talked about committing the offense when they left home. He testified, further, that he told the officers that he was the first one that suggested the robbery. Again, he said that he told them, as shown in his statement, that appellant would not say whether or not he would help in the robbery and that he never agreed to rob the store. He testified that he told the officers that appellant had prior to the robbery suggested to him that he ought not to enter the store. Again, he testified that the statement contained a declaration to the effect that he divided

the money with appellant to keep him from telling on him. He said his statement embraced a declaration to the effect that appellant backed out and would not help him commit the robbery.

Appellant brings forward several bills of exception in which he complains of the action of the trial court in refusing to require the district attorney to produce Fisher's written statement in order that he might use same for the purpose of impeaching Fisher. It is the rule that when the witness fully and unequivocally admits that he made the contradictory statement inquired about neither party is entitled to prove by a writing or by other witnesses that he did make it. Branch's Annotated Penal Code, sec. 174; Walker v. State, 17 Texas App., 16, 31; Barnard v. State, 73 S. W., 957; Wilson v. State, 154 S. W., 1015. Fisher having admitted making the statements inquired about by counsel for appellant, it was not error for the trial court to refuse to require the district attorney to produce the written statement.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.