LEROY STEPHENSON V. STATE.

No. 24201. January 12, 1949.

Hon. Otis T. Dunagan, Judge Presiding.

*J. O. Duncan,* of Gilmer, and *Anglin & Jones,* and *Mike Anglin,* all of Longview, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for robbery, with a penalty of five years in the penitentiary.

The appellant, Leon Childress, Martin Doss, Jr., Nadine Yohn, a sister to Doss, and Ruby Stephenson, the wife of appellant, together with one Minter, the injured party, had been together in an automobile in Gregg County where they had visited drinking places until a late hour at night. While returning to their homes and after they crossed the line into Upshur County, it is alleged that the appellant slugged and robbed Minter of a sum of money and left him by the side of the road.

The only direct evidence in the case connecting appellant with the offense was that given by Leon Childress, an accomplice, and by Nadine Yohn. When the charge was submitted to the jury by the court, they were instructed that Childress was an accomplice as a matter of law, but the court declined to instruct that the witness Nadine Yohn was an accomplice and submitted that as a fact issue to be found by the jury. We are asked to reverse the case because of the court's failure to instruct the jury that Nadine Yohn was also an accomplice witness as a matter of law. Reliance is had upon the facts, as fully set out by the bills, that after the robbery was committed appellant secured from the purse of the injured party $23.00; that he gave a part of it to Childress and used another part to pay an indebtedness of $7.00 to Nadine Yohn. She accepted this money with the full knowledge, at the time, that it was the fruits of the robbery. Her testimony was in accord with that of the accomplice Childress, and there is no evidence to corroborate her statement but that of Childress. Under the admitted facts of the case, Nadine Yohn was an accomplice witness and the exception to the court's charge must be sustained. See Walker v. State, 37 S. W. 423; Johnson v. State, 58 Tex. Cr. R. 244, 125 S. W. 16; Newton v. State, 95 Tex. Cr. R. 261, 253 S. W. 284; Garza v. State, 125 Tex. Cr. R. 447, 69 S. W. (2d) 110; and Hancock v. State, 150 S. W. (2d) 385.

The judgment of the trial court is reversed and the cause is remanded.