### CLINT SMITH V. STATE.

No. 25235. April 11, 1951.

Allen, Locke & Kouri and Bob L. Wilson, Wichita Falls, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is robbery by assault; the punishment, five years in the penitentiary.

Appellant and one Robertson were jointly indicted; Robertson moved to sever, and appellant was put to trial first.

The injured party, Parrack, and his companion, Stafford, were returning from Oklahoma at night when a car containing Robertson and appellant came alongside and called out, "Pull over, I want to see you."

When the vehicle came to a stop, Robertson and Parrack alone got out. Robertson claimed that Parrack had caused his truck to collide with Robertson's automobile and made a demand for an on-the-spot settlement of damages. With this, Parrack refused to comply. By this time appellant had joined the two disputers but is not shown to have taken part in their controversy. When Parrack sought to terminate the interview, "something struck" him on the head. Parrack felt Robertson examine one of his pockets and heard him announce, "Nothing in there." Stafford sought to intervene, and someone hit him on the head.

When Parrack regained consciousness, Robertson and appellant had gone, and so was Parrack's billfold which contained $87.00 or $88.00. No money was taken from Stafford.

Robertson and appellant were arrested in Wichita Falls, that same night; Robertson had on his person $31.75, and appellant had $44.00. Appellant did not testify.

Bill of Exception No. 1 complains of a portion of the testimony of Willingham, a deputy sheriff, to the effect that on the morning after arresting Robertson and appellant, he carried Robertson out on the highway and he showed him where *appellant* had thrown Parrack's billfold.

Appellant cites us Garza v. State, 125 Tex. Cr. R. 447, 69 S. W. 2d 110, wherein we said:

"It is well established by an unbroken line of authorities that after a conspiracy to commit the offense has ended, the declaration of one co-conspirator or codefendant, in the absence of the other co-conspirators, cannot be introduced in evidence against any of the other co-conspirators."

Bill of Exception No. 2 complains that the state asked its witness, a sheriff from Oklahoma, "had he heard that the defendant had an indictment against him at Duncan?"

Bill of Exception No. 3 complains of the testimony of the same witness "that he released the defendant from jail Thursday morning before defendant's arrest in Wichita Falls."

In each case the objection was sustained, but we agree with the court's certificate that they were "so inflammatory that an instruction from the court could not remove" their effect.

For the errors set out, the judgment of the trial court is reversed and the cause remanded.