GEORGE ALLEN KEPLEY V. STATE.

No. 30,315. January 21, 1959.

234

*Brantley Pringle,* Fort Worth, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is robbery; the punishment, seven years.

Alexander, the injured party, testified that he first met one Kelly, and later met the appellant and two female companions, in a beer establishment in Fort Worth, that they formed a party and went in search of further entertainment. Bottled intoxicants were purchased, and the party repaired to a rural section somewhere near Lake Worth. After some of the intoxicants were consumed and after several stops, the appellant, without warning, knocked Alexander to the ground, kicked him in the back, and then took his money and valuables and left in company with the others in Alexander's automobile. Alexander did not resist because of his fear of the appellant. Alexander made his way to a farm house, and the police were called.

Kelly testified that he made no effort to defend Alexander because of his fear of the appellant, but that, after they returned to Fort Worth and as soon as he could escape unnoticed from the appellant's company, he made his way back to the area where Alexander had been left but was unable to find him. Shortly thereafter, Kelly and Alexander went to the police about the matter, and Kelly made a statment concerning the case.

The appellant did not testify or offer any evidence in

his own behalf. The facts will be more fully discussed in connection with the contentions advanced in brief and argument. Appellant's first complaint arises out of the introduction into evidence by the state of the statement made by Kelly. These are the circumstances under which the statement was admitted. During Kelly's cross-examination by appellant's counsel, the following transpired:

"Q.   Yesterday didn't you tell me that Kepley (the appellant) let you out at the bus station? A.   No, sir, I don't think I did. I don't remember.

"Q.   Did you tell anybody that? A.   Yes, sir, I did.

"Q.   Who did you tell that to? A.   It was him a long time ago.

"Q.   Are you indicating Mr .Hughes (one of the prosecutors) here? A.   Yes, when I first made a statement.

"Q.   As a matter of fact your testimony has changed several times, has it not, during the course of time that has intervened between the time of the alleged offense and this date of trial? A.   Yes, sir, it has.

"MR. PRINGLE: That is all."

On re-direct examination, the prosecutor said, "There has been some question about your testimony changing," and then had the witness identify his statement, affirm the truthfulness of those portions thereof relating to the assault and the taking of Alexander's money, and then offered the entire statement in evidence. It was admitted over the appellant's objection that it was "hearsay and an attempt to bolster up their own witness."

It is appellant's contention that since Kelly admitted his prior inconsistent statement concerning his movements after his return to Fort Worth, the statement was not admissible, and relies upon Sloan v. State, 129 Texas Cr. Rep. 131, 84 S.W. 2d 484. Sloan is authority for the rule that once a witness has admitted prior inconsistent testimony, other evidence is not admissible to establish the same fact. Judge Hurt, explaining the same rule in Walker v. State, 17 Texas App. 16, said:

"When the contradictions are confessed, evidently there is no use or purpose for the impeaching testimony; for this work he performs upon himself."

But such is not the situation here presented.

Here, the appellant's counsel first attempted to show that the witness had told him a contradictory story on the day preceding the trial. He was able to show that the witness had made statments which were inconsistent with certain portions of the testimony which he had just given for the state, and further elicited the testimony shown in the last above quoted question and answer. The state then offered the prior statement which, as to the commission of the crime, was consistent with his testimony at the trial. On motion for rehearing in Cadle v. State, 122 Texas Cr. Rep. 595, 57 S.W. 2d 147, Judge Hawkins said:

"* * * where a witness is attempted to be impeached by showing that he had made statements different from and contradictory to his testimony delivered on the trial, it is not error to permit the witness to be supported by showing that shortly after the transaction he made statements consistent with his testimony delivered on the trial."

We have concluded that the entire statement would be admissible under Article 728, V.A.C.C.P., and the holding of this court in Tischmacher v. State, 153 Texas Cr. Rep. 481, 221 S.W. 2d 258. See also Branch's Ann. P.C., 2nd Ed., Vol. 1, sec. 204, p. 228.

Appellant next challenges the sufficiency of the evidence to show that the offense occurred in Tarrant County, and thus establish venue, and calls attention to his motion for instructed verdict which made an issue as to such proof. At the outset, we quote from 18 Texas Juris., sec. 336, p. 458, as follows.

"Venue being jurisdictional fact, not an element of the offense, the doctrine of reasonable doubt on any material ingredient of the offense does not govern the sufficiency of the evidence requisite to establish the venue."

With this as a background, we call attention to the following proof: Alexander testified that after he had been assaulted and after the appellant had driven off in his automobile, he got up and "walked five or six miles and went to a house and called the police, Lake Worth Police, and they picked me up * * *."

Sergeant Campbell of the Lake Worth police department testified that he picked up Alexander at Mr. Sharpona's resi-

dence, which was 8 or 9 miles east of the west line of Tarrant County and approximately the same distance south of the north line of the county. This we have concluded is a sufficient showing as to venue.

Appellant's last complaint relates to a portion of an answer of the witness Kelly which was heard only by defense counsel and one juror. Kelly, in the absence of the jury, admitted that his full answer had been, "I was afraid * * * get him (the appellant) in trouble. I knew *that he had a record.*" The italicized words were not heard by the court, the court reporter or any of the jury present at the hearing on the motion for new trial save juror Druce, who testified that he did not mention what he had heard to his fellow jurors. As soon as the matter was called to the trial court's attention during the trial, he offered to give any instruction to disregard which the appellant desired, but the appellant declined all such offers. Appellant relies upon Smith v. State, 155 Texas Cr. Rep. 618, 238 S.W. 2d 543. Smith was reversed on three grounds, one of them being that a witness had testified within the hearing of the entire jury that he had released the defendant from jail shortly before his arrest for the offense for which he was then being tried. The bill presenting such matter contained the certificate of the trial court that the testimony was so inflammatory that an instruction from the court could not remove its effect.

In the case at bar, however, we have an offer by the court to instruct the jury not to consider the answer of the witness which was by the appellant rejected. The record being in this condition, in order to agree with the appellant's contention, we would have to hold that this constituted such an error as could not be cured by an instruction. This we are not prepared to do. Miller v. State, 31 Texas Cr. Rep. 609, 21 S.W. 925.

Finding no reversible error, the judgment of the trial court is affirmed.