**Melvin Andrea LEWIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Anthony LEWIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 47062, 47093.**

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Fred Time, Dallas, for appellant.

Henry Wade, Dist. Atty. and James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

These appeals are from convictions for the offense of rape. Appellant Melvin An-

drea Lewis and appellant Anthony Lewis were jointly tried and convicted for the offense in question. Punishment was assessed by the trial court at 45 years in appellant Melvin Lewis' case and 25 years in appellant Anthony Lewis' case.

The record reflects that the prosecutrix was raped by appellants and three other men on January 21, 1972. The sufficiency of the evidence is not challenged.

Appellants contend by their first ground of error that the trial court erred when it allowed the State to rehabilitate the accomplice witness Lindsey Johnson by showing a prior consistent statement that he had made. Johnson testified on direct examination that he, both appellants, along with Marion Lewis and Charles Hamilton, raped the prosecutrix at the time in question. Upon cross-examination, Johnson testified that he was the *first* man to rape prosecutrix; that Marion Lewis was the second man; and that he (Johnson) was the third man. Appellants' counsel then proceeded to cross-examine Johnson about a written statement that he had given at the time he was arrested. The statement in question apprently stated: "I think that Melvin Lewis raped her first." Upon re-direct examination, the prosecutor attempted to elicit testimony from Johnson that shortly prior to trial he had told the prosecutor the same story he was now telling at trial. Appellants therefore contend that the State's rehabilitation of witness Johnson by offering hearsay evidence of a prior consistent statement was reversible error.

Although the general rule is that such statements are admissible if made shortly after the transaction or event in question, Kepley v. State, 167 Tex.Cr.R. 233, 320 S.W.2d 143, we have concluded that the error in this case, if any, was harmless when considered in light of the overwhelming direct evidence of appellants' guilt.

Appellants contend by their second ground of error that the trial court committed reversible error when it allowed the

prosecutor to make an improper and highly prejudicial argument to the jury. During final argument at the guilt-innocence stage of the trial, the prosecutor made the following complained-of argument:

"They say there's no evidence whatsoever that these men are guilty. *It's kind of—I guess their defense is—ha ha ha, we covered up your head so you couldn't see, therefore, unless a co-accomplice or somebody testifies, there's no evidence.*

"MR. REESE: We object to that. He's striking at the Defendants over his lawyers. We object to this. It's highly prejudicial.

"THE COURT: Overruled." (Emphasis supplied).

This Court in Bray v. State, 478 S.W.2d 89, reversed the appellant's conviction where the prosecutor argued: "I will reiterate I'm very grateful I don't have to make my living representing a man who first set up the robbery," there, holding that by that argument the prosecutor was striking at the appellant over the shoulders of his counsel in an endeavor to inflame the minds of the jury to his prejudice. See also Summers v. State, 147 Tex.Cr.R. 519, 182 S.W.2d 720. In the instant case the argument in question was not a strike at appellants over the shoulders of counsel.

We conclude that it was a reasonable deduction from the evidence. This is based on the fact that prosecutrix's head was covered by her jacket at the time of the rape. See and compare Berryhill v. State, 501 S.W.2d 86 (Tex.Cr.App.1973) with Morgan v. State, 502 S.W.2d 695 (Tex.Cr. App.1973).

Appellants contend by their third ground of error that the trial court committed reversible error when it allowed the prosecutor to vouch for the credibility and truthfulness of one of the State's witnesses in his final argument. The argument in question was as follows:

"It is an oath that Mr. Scott and myself both have to take, *yet they stand*

*here, by inference, saying that I made some deal with Lindsey Johnson or his lawyer to have them get up here and convict someone who I really know to be innocent and didn't have anything whatsoever to do with the case.* If you folks feel that way, you go up and tell Mr. Wade about it when this case is over. You find them not guilty and go up and tell Mr. Wade. You can tell the Texas Bar Association, the Dallas Bar Association, that I am an unethical lawyer and I have violated my oath as an Assistant District Attorney and that you would like to see my license revoked.

"MR. REESE: We object to this line of argument, if he is stating that he is vouching for the truth of Lindsey Johnson.

"THE COURT: Overruled." (Emphasis supplied).

Appellants' contention is without merit for two reasons. First, the prosecutor did not vouch for the truthfulness and honesty of witness Johnson. Second, we conclude that the argument in question was invited. The witness Johnson was extensively cross-examined by appellants' counsel as to any "deals" he had made with "anybody" for testifying in this case. Then, appellants' counsel, in his final argument prior to the complained-of argument, commented that the witness Johnson may have made a "deal" concerning his testimony. Thus, no error has been shown. See Alejandro v. State, 493 S.W.2d 230 (Tex.Cr.App. 1973); Turner v. State, 482 S.W.2d 277 (Tex.Cr.App.1972); Miller v. State, 479 S.W.2d 670 (Tex.Cr.App.1972).

■ Appellants contend by their fourth ground of error that the trial court erred by including in its charge to the jury an instruction on rape by threats because there was no evidence in the record to support the instruction. We disagree.

Article 36.14, Vernon's Ann.C.C.P., provides in part:

"Subject to the provisions of Article 36.07 in each felony case and in each misdemeanor case tried in a court of record, the judge shall, before the argument begins, deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge *distinctly setting forth the law applicable to the case;* . . ." (Emphasis supplied).

The prosecutrix, in response to a question by the prosecutor as to whether any threats were made to her and her boyfriend before the rape occurred, stated: "They said they were going to kill us," and "He (Melvin) said he was going to shoot us in the head."

Her companion testified that "They said they were going to kill us."

The accomplice witness, Lindsey Johnson, testified that the threats made were: "We're going to kill you. We're going to kill you all."

We conclude that the court had sufficient evidence to warrant submission of an instruction on rape by threats. See and compare Knox v. State, 487 S.W.2d 322 (Tex.Cr.App.1973) and Gorman v. State, 480 S.W.2d 188 (Tex.Cr.App.1972) with Zamora v. State, 449 S.W.2d 43 (Tex.Cr. App.1969).

Appellants contend by their fifth and final ground of error that they were denied effective assistance of counsel which is guaranteed to them by the Sixth and Fourteenth Amendments to the United States Constitution. Appellants assert that their retained counsel was ineffective in that he did not submit evidence on their diminished mental capacity in both the guilt-innocence stage and before the judge in the hearing on punishment.[1]

---

1. Appellants argue that their retained counsel was made aware by their family shortly after his employment that both appellants were mentally retarded and suffered from mental defects.

We have examined the record in detail and find that appellants' argument is based completely on evidence which is entirely outside the record, which we cannot consider. See 5 Tex.Jur.2d, Appeal and Error—Criminal, Sections 114 and 115. The adequacy of an attorney's services on behalf of an accused must be gauged by the totality of the representation. Viewing the record in its entirety, we conclude that appellants were adequately represented. Clearly the record shows no willful misconduct by employed counsel without appellants' knowledge which amounts to a breach of legal duty of an attorney. See e. g. Trotter v. State, 471 S.W.2d 822 (Tex. Cr.App.1971); Walsh v. State, 468 S.W.2d 453 (Tex.Cr.App.1971).

Finding no reversible error, the judgment is affirmed.