donado v. State, 507 S.W.2d 206 (Tex.Cr. App., 1974), and cases cited therein.

■ Appellant was sentenced on April 27, 1973. On May 2, 1973, appellant was again called into court where this sentence was cumulated with appellant's previous ten-year sentence for assault with intent to commit murder in cause number 6851. Appellant contends that this cumulation order is invalid. We agree.

In Ex parte Reynolds, Tex.Cr.App., 462 S.W.2d 605 (1970), citing many cases, we held that where a defendant had remained in jail several days under a sentence the court could not, even at the same term of court, vacate sentence and impose a different one. In Reynolds we held invalid a cumulation order similar to the one in this case. Consequently, the cumulation order of May 2, 1973, is hereby set aside.

The judgment with the cumulation of the sentence set aside is affirmed.

Will DEARY, Appellant,

v.

The STATE of Texas, Appellee.

No. 48553.

Court of Criminal Appeals of Texas.

June 19, 1974.

Rehearing Denied July 17, 1974.

Paul W. Jones, Jr., Austin (on appeal only), for appellant.

Robert O. Smith, Dist. Atty., C. E. Clover, Jr., Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an out of time appeal, leave to file being granted by order of this Court on July 9, 1973. [1]

The appeal is from a conviction of robbery by assault in a trial before a jury held in November 1965. Punishment was assessed at fifteen years.

Appellant's first two grounds of error challenge the validity of the in-court identification by the witness Dickson, contending that such identification was accomplished through suggestive tactics by the prosecution and police officers. Appellant argues that the remaining evidence is insufficient to sustain the conviction, and hence Dickson's identification testimony is not harmless error.

The record reflects that at about 2:00 o'clock on the morning of April 13, 1965, two men entered a Town and Country Food Store in Austin and robbed the night manager, B. V. Dickson, of approximately five hundred dollars.

The robbers entered the store unmasked, but shortly after Dickson saw them, one, whom Dickson had seen before and knew by his appearance, and identified as Isaac Newsome, placed a handkerchief over his face, and the other put on a ski mask.

Dickson testified that, although he had been called upon to view a number of lineups, he had never seen or identified appel-

lant in any of them. The record does not reflect that appellant was in any lineup viewed by Dickson. The witness stated that he had seen appellant only three times since the robbery. The first time was at a pre-trial hearing on September 9, when appellant appeared with his attorney. He saw him again in the courthouse on the day the trial commenced, and next during the trial. Although he testified, without objection, that in his opinion appellant was one of the robbers, he stated that without taking all of the evidence into consideration he could not be absolutely sure. He further testified that on various occasions he had been told that appellant was one of the two men who robbed him. All of this testimony was before the jury without objection.

Further evidence of appellant's participation in the offense was given by the accomplice witness Isaac Newsome. He testified that he and appellant committed this robbery, in which they got about five hundred dollars which they split equally between them. Also, witness Ezell Minton testified that on April 13, the day of the robbery, appellant told him that he and Isaac Newsome had robbed a Town and Country Food Store that morning.

Appellant testified, denying that he participated in this offense. He and his sister testified that he was at her house all of the night of this robbery.

██ Appellant argues that Dickson's identification, uncertain as it was, must have been tainted, since during the five months after the robbery he had been told by others that appellant was the robber. We need not pass on this question. There was no objection made during the trial to any of Dickson's identification testimony. In the absence of such objection, error, if any, was not preserved, and there is noth-

1. Appellant, an indigent, was represented in the trial court by appointed counsel. After giving notice of appeal, this lawyer died before appeal was perfected, and no timely ap-

peal was perfected to this Court. On writ of habeas corpus, this Court authorized the out of time appeal.

ing before us for review. Ex parte Bagley, 509 S.W.2d 332 (1974); Aldrighetti v. State, 507 S.W.2d 770, (Tex.Cr.App.1974): Jones v. State, Tex.Cr.App., 501 S.W.2d 308; Spead v. State, Tex.Cr.App., 500 S.W.2d 112; Ex parte Roberts, Tex.Cr.App., 502 S.W.2d 802; Green v. State, Tex.Cr.App., 467 S.W.2d 481.

Appellant, however, contends that since this trial preceded the decisions in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, his failure to object upon a ground not yet established as a defect of constitutional magnitude did not constitute a waiver. See Ex parte Casarez, 508 S.W.2d 620, (Tex.Cr.App.1974).

■ United States v. Wade and Gilbert v. California were discussed by this Court on a similar proposition in Graham v. State, Tex.Cr.App., 422 S.W.2d 922; Cobbins v. State, Tex.Cr.App., 423 S.W.2d 589 (concurring opinion), and in Martinez v. State, Tex.Cr.App., 437 S.W.2d 842. *Wade* and *Gilbert* were fashioned to deter law enforcement officials from exhibiting an accused to witnesses prior to trial for identification purposes without notice to and in the absence of counsel, absent an intelligent waiver by the accused. They have no application to confrontations, lineups, or showups prior to June 12, 1967. See *Cobbins* and *Martinez*, supra.

However, as stated in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, (1967), referring to *Wade* and *Gilbert*, and speaking of relief from a confrontation unnecessarily suggestive and conducive to irreparable mistaken identity: "This is a recognized ground of attack upon a conviction independent of any right to counsel claim. Palmer v. Peyton, 359 F.2d 199 (C.A.4th Cir.1966). The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup has been widely condemned." See Simmons v. United States,

390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Also, see the lengthy list of authorities involving pre-Wade-Gilbert identification problems cited in Martinez v. State, supra. See Cline v. United States, 395 F.2d 138 (8th Cir.).

Appellant's failure to object was a waiver of the contention here made. Ex parte Bagley, supra; Jones v. State, supra; Green v. State, supra.

■ The evidence heretofore recited is sufficient to sustain the conviction.

The first and second grounds of error are overruled.

By his third ground, appellant contends that the trial court erred in refusing to admit prior testimony of State's witness Dr. Wade for purposes of impeachment.

Appellant was previously indicted for another robbery. On January 19, 1965, in a pre-trial sanity hearing, Dr. Wade testified that in his opinion appellant was then insane, and had been insane at the time of the commission of the robbery involved in that case. Appellant was adjudged insane at both times, and was committed to the State Mental Hospital in Austin. He was discharged on April 12, the day before the robbery in the instant case.

On the present trial, Dr. Wade testified that he had examined appellant in July, 1965, and that in his opinion appellant was sane at that time, at the time of the April 13 robbery, and at the time of this trial. On cross-examination, appellant asked the witness if he had testified in the January sanity hearing, to which he answered that he had. Counsel then read to him a long extract from his January testimony in which he had testified that in his opinion appellant was insane at the times there involved. Dr. Wade unqualifiedly admitted having so testified. Appellant offered in evidence the entire transcript of the testimony of Dr. Wade at the previous hearing. The trial court refused such offer, and appellant excepted.

■ In so ruling, the court did not commit error. In Cherb v. State, Tex.Cr.App., 472 S.W.2d 273, 278, we said:

"The rule followed by this Court and other Texas courts is that if the witness unqualifiedly admits making the inconsistent statement, then further proof of the statement is error. Kepley v. State, 167 Tex.Cr.R. 233, 320 S.W.2d 143 (1959); Sloan v. State, 129 Tex.Cr.R. 131, 84 S.W.2d 484 (1935); Brooks v. State, 118 Tex.Cr.R. 205, 40 S.W.2d 814 (1930); Smith v. Red Arrow Freight Lines, Inc., 460 S.W.2d 257 (Tex.Civ. App.—San Antonio, 1970, writ refused, n. r. e.); Morgan v. Luna, 337 S.W.2d 139 (Tex.Civ.App.—El Paso, 1960, no writ history)."

■ Furthermore, appellant did not perfect his bill of exception by including the proffered testimony in the record, and such testimony is not before us. In the absence of such evidence, no error is shown.

The judgment is affirmed.

Opinion approved by the Court.