**Bill Alexander CARTMILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–87–00190–CR.**

Court of Appeals of Texas, Dallas.

March 31, 1988.

Nick Warden, McKinney, for appellant.

William L. Schultz, McKinney, for appellee.

Before DEVANY, McCLUNG and HECHT, JJ.

HECHT, Justice.

A jury found Bill Alexander Cartmill guilty of aggravated sexual assault of a 12–year-old girl and sentenced him to fifteen years' imprisonment. Cartmill's sole complaint on appeal is that the trial court denied him his right of confrontation under the United States and Texas Constitutions by allowing the State to introduce a videotaped interview of the complainant. We hold that the videotape was admissible, and accordingly, that Cartmill's constitutional right to confront the witnesses against him was not violated. Even if the videotape had not been admissible, we hold that the error in admitting the videotape would have been harmless considering the totality of the evidence in this case. Thus, we affirm Cartmill's conviction.

Complainant and her mother and younger siblings were living in the same household as Cartmill at the time he sexually assaulted her. After discussing the assault with her mother, the complainant was given a medical examination and was interviewed by a social worker about the incident. This interview, during which only the complainant and the social worker were present, was videotaped.

At trial, the State called the complainant to testify extensively about the incident. Complainant testified that the incident occurred on March 5, 1986. On cross-examination, Cartmill's counsel attempted to impeach the complainant by suggesting that she had told the social worker during the videotaped interview that the incident occurred during the summer of 1986. Specifically, the following exchange occurred during cross-examination:

Q [Defense counsel:] Do you recall meeting [the social worker] at her office ... in August of this year?

A [Complainant:] Oh, yes.

Q Did you tell [the social worker] that this [sexual assault] had happened to you in the summer?

A No.

Q You didn't tell her that?

A No.

Q At any rate, at this point you are assured that it happened in the spring; is that right?

A Yes.

After the complainant's testimony, and after the defense had rested, the State offered the videotape into evidence as part of its rebuttal. Cartmill objected that the tape was hearsay and that its admission would be bolstering and would violate his due process and confrontation rights. The State responded that the videotape was admissible on two grounds: first, under Texas Code of Criminal Procedure article 38.-071, section 2; and second, as a prior consistent statement under Texas Rule of Criminal Evidence 801(e)(1)(B). The court overruled Cartmill's objections and, without specifying a reason, admitted the videotape into evidence.

The videotape reflects that the complainant did tell the social worker that the incident occurred in the summer. The videotape reflects the following exchange:

Q [Social worker:] Do you remember what month this was [when the incident occurred]?

A [Complainant:] (Shaking head negatively) Uhh, I don't.

Q Was it in the winter, the summer?

A During the summer.

Q During the summer. So this would have been—was this last summer, the summer before, this summer?

A This summer.

However, the videotape also reflects that the complainant told the social worker that she was twelve years old when the incident

occurred, and that she was born on May 9, 1973. Thus, the complainant told the social worker both that the incident occurred in the summer of 1986 and that it occurred before May 9, 1986.

After the videotape was played for the jury, the State again called the complainant to testify briefly, and she was again cross-examined by Cartmill's attorney.

■ The videotape was not admissible under article 38.071, section 2, because that statute is unconstitutional. *Long v. State*, 742 S.W.2d 302 (Tex.Crim.App.1987), *aff'g Long v. State*, 694 S.W.2d 185 (Tex.App.— Dallas 1985). *Long* does not, however, address whether a videotape is otherwise admissible. In *Long*, the videotape of the child complainant was introduced and played before the jury as direct testimony. *Long*, at 303–04. Not until after the tape had been played was the complainant called to testify and the defendant given an opportunity to cross-examine her. *Id.* In the instant case, the complainant testified and was cross-examined before the tape was introduced. During the cross-examination, Cartmill brought up the videotaped interview and attempted to show that complainant gave a different version of the facts during the interview from the version she gave during her direct examination. The State later introduced the tape by way of rebuttal, explaining: "She has been cross-examined by the defense regarding prior statements, and prior inconsistent statements, and the purpose on rebuttal would be to show ... prior consistent statements."

■ Although the trial court did not state the reason for its decision to admit the tape, the decision was correct and therefore no reversible error occurred. *See Dugard v. State*, 688 S.W.2d 524 (Tex. Crim.App.1985). By his questioning of the complainant, Cartmill implied that her testimony was contrary to statements made during the videotaped interview. The State was therefore permitted to offer into evidence those portions of the videotape which pertained to the matter upon which impeachment was attempted to show that her statements during the interview, taken to-gether and in context, were consistent with her trial testimony. *See Wintters v. State*, 616 S.W.2d 197, 202 (Tex.Crim.App.1981); *Duncantell v. State*, 563 S.W.2d 252, 255 (Tex.Crim.App.1978); *Kepley v. State*, 167 Tex.Cr.R. 233, 235–36, 320 S.W.2d 143, 145 (1959). Inasmuch as portions of the videotape were admissible, Cartmill's objection to the videotape in its entirety did not preserve any error for review. *See Biegajski v. State*, 653 S.W.2d 624, 630 (Tex.App.— San Antonio 1983, pet. ref'd).

Since the videotape was admissible evidence, Cartmill's constitutional right to confront the witnesses against him was not violated. Indeed, his exercise of that right in confronting the complainant with her videotaped statements is precisely what made that videotape admissible.

■ Finally, even if the videotape had been inadmissible, we believe that the error in admitting it was harmless. The test for harmful error, even if the error is constitutional, is whether there is a reasonable possibility that the evidence complained of contributed to the conviction or affected the punishment assessed. *Johnson v. State*, 660 S.W.2d 536, 538 (Tex.Crim.App. 1983). The complainant's version of the facts given during the videotaped interview was virtually identical to the version she gave at trial. In each instance, the complainant testified, quite specifically, how Cartmill lured her into his bedroom and sexually assaulted her. The only significant difference between the complainant's videotaped interview and her testimony at trial was her use of anatomically correct dolls during the interview to illustrate what transpired during the assault. The testimony at trial, however, was consistent with her visual illustration with the dolls during the interview.

The jury also heard medical testimony from the doctor who examined the complainant following her assault. The doctor concluded that the complainant's symptoms and condition were consistent with her having been sexually assaulted at the time she described. The jury also heard Cartmill's own version of the facts and had the oppor-

tunity to weigh the credibility of his version against the other evidence in the case.

Because the statements the complainant made on videotape did not substantially expand upon her direct testimony, and because the videotape was introduced only after the complainant testified at trial and was cross-examined, we hold that even if the videotape were inadmissible, the error in admitting it could not reasonably have affected the jury's decision to convict, nor its assessment of punishment. We therefore overrule Cartmill's point of error and affirm his conviction.