Opinion filed May 17, 2012

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00148-CR 

                                                    __________

 

                               MOZELLE
KING JAMES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                  On
Appeal from the 132nd District Court

                                                           Scurry
County, Texas

                                                       Trial
Court Cause No. 9555 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted Mozelle King James of delivery of less than one gram of cocaine
in a drug-free zone.  The jury found both enhancement allegations to be true
and assessed appellant’s punishment at confinement for seventy-five years.  The
trial court ordered that the sentence run consecutively to appellant’s ten-year
concurrent sentences imposed in Cause Numbers 8908 and 8909 in 2005.[1]
 We affirm.




 

Introduction

            In
March 2009, Curtis Bryant was working as a cooperating individual with the
Snyder Police Department in connection with its undercover investigations of
narcotics sales in the area.  The indictment alleged that, on or about March
27, 2009, appellant delivered less than one gram of cocaine to Bryant.  The
indictment further alleged that appellant committed the offense within 1,000
feet of real property owned by the Snyder Independent School District.

Issues
on Appeal

            Appellant
presents two issues for review.  In her first issue, appellant argues that the evidence
was legally insufficient to support her conviction.  Specifically, she contends
that the testimony of Bryant, the cooperating individual, was not sufficiently
corroborated to sustain her conviction.  In her second issue, appellant
contends that the trial court erred by ordering the sentence in this cause to
run consecutively to the sentences imposed in the prior causes because the plea
agreement in the prior causes provided that the sentences in those causes would
run concurrently with any other sentence.  Thus, appellant asserts that the
sentence in this cause violates the terms of the plea agreement in the prior
causes.

The
Evidence at Trial

            The
cooperating individual, Bryant, testified that he had used cocaine and methamphetamine
in the past and that he was familiar with who sold drugs in Snyder.  In January
2009, Bryant signed an agreement in which he agreed to work as a cooperating
individual with the Snyder Police Department in connection with its undercover
investigations of deliveries of controlled substances.  Bryant testified that
the contract required him “[t]o purchase illegal narcotics for the police
officers that decided to run the sting, wearing a microphone.” Patrol Sergeant
Drew Price of the Snyder Police Department signed the agreement as the police
officer supervising Bryant’s cooperation.

            Bryant
testified that, on March 27, 2009, Sergeant Price contacted him for the purpose
of getting him to make a drug buy.  Bryant said that he and Sergeant Price met at
an agreed location, where Sergeant Price thoroughly searched him and his car.  At
that time, Bryant planned to buy cocaine from a man named Arthur Harris at
Harris’s house.  Bryant said that Sergeant Price gave him a tape recorder with
a microphone.  He said that the tape recorder was placed in a pocket inside his
jacket and that the microphone was attached to the zipper inside his jacket.  The
tape recorder was turned on and remained on until Bryant had a subsequent
meeting with Sergeant Price.  The State introduced a copy of the audio
recording (in DVD format) into evidence.  The DVD was played for the jury, and
we have listened to the recording in its entirety.         

            Bryant
got into his car and drove to Harris’s house.  Bryant knocked on the door of
Harris’s house.  A woman answered the door and told him that Harris was not
there.  Bryant’s conversation with the woman is confirmed on the audio
recording.  Bryant testified that he called Sergeant Price to find out whether
Sergeant Price wanted him “to try somewhere else.”  Bryant said that Sergeant
Price told him that it was up to him.  Bryant told Sergeant Price that he would
go to appellant’s house.

            Bryant
testified that appellant lived at 3208 Avenue L in Snyder.  Bryant said that he
knocked on appellant’s door and that appellant let him inside the house.  He
said that appellant asked him what he wanted and that he told her he wanted a
“20.”  During his testimony, Bryant explained that “20” referred to the price
of the size of cocaine rock he wanted to buy from appellant.  Bryant testified
that appellant went to the back of the house and then came back with a “20”
rock of cocaine.  Bryant said that appellant handed him the cocaine, which was
inside a sandwich bag.  During his testimony, Bryant identified appellant’s
voice on the audio recording.     

            Bryant
left appellant’s house.  Bryant said that he met with Sergeant Price at a
predetermined location.  Bryant testified that he told Sergeant Price that the
cocaine was in a cup holder inside his car.  Bryant said that Sergeant Price
searched him and his car and that Sergeant Price also retrieved the tape
recorder and microphone.

Sergeant
Price testified that Bryant was working as a cooperating individual on March 27,
2009, and that Bryant had made undercover buys as a cooperating individual before
March 27, 2009.  Sergeant Price said that he called Bryant on March 27, 2009,
and that he and Bryant then met at a predetermined location.  At the meeting,
Bryant said that he could make a buy at Harris’s house.  Sergeant Price
testified that he thoroughly searched Bryant and his car to make sure that
Bryant was not in possession of narcotics.  Sergeant Price said that he gave Bryant
a $20 bill to purchase cocaine and that he also gave Bryant a recording device.

Bryant
drove to Harris’s house.  Sergeant Price followed Bryant to Harris’s house in
an undercover vehicle.  Sergeant Price said that he saw Bryant’s vehicle the
entire time that Bryant was traveling to Harris’s house.  Bryant determined
that Harris was not at home, called Sergeant Price, and then went to
appellant’s house.  The audio recording confirmed that Bryant made this phone
call to Sergeant Price.  Sergeant Price testified that he knew appellant and
that he knew appellant lived at 3208 Avenue L.  Sergeant Price followed Bryant
to appellant’s house.  Sergeant Price also said that he saw Bryant’s vehicle
the entire time that Bryant was traveling to appellant’s house, that he saw Bryant
enter appellant’s house, and that he saw Bryant come out of appellant’s house. 
The audio recording indicates that Bryant was at appellant’s house for about
two minutes.

Sergeant
Price testified that, after Bryant left appellant’s house, he and Bryant met at
the location of their previous meeting.  The audio recording establishes that
it took Bryant about five minutes to drive from appellant’s house to the
meeting location and that he did not make any stops on the way to the meeting. 
Sergeant Price testified that, during the meeting, Bryant told him that the
cocaine was inside Bryant’s car.  Sergeant Price retrieved the substance, which
he said was a crack rock, from Bryant’s car.  He said that the crack rock was
inside a small bag when he retrieved it.  He put the small bag containing the
crack rock into a Ziplock bag and then returned to his office.  Sergeant Price testified
that the crack rock was tested at the Texas Department of Public Safety Crime
Lab in Midland.  Testing of the substance (crack rock) at the DPS Crime Lab
showed that the substance weighed 0.20 grams and contained cocaine.

Sergeant
Price testified that he had listened to the audio recording of the incident.  He
said that he knew appellant’s voice when he heard it and that he recognized her
voice on the recording.  Sergeant Price also testified that appellant’s house
was about 277.7 feet away from Travis Field.  Sergeant Price said that the
Snyder Independent School District owned Travis Park.

Corroboration
of Cooperating Individual’s Testimony

            Appellant
states in her brief that, “for all practical purposes, the role of the
confidential informant [Bryant] was akin to that of an accomplice.”  Appellant
relies on Article 38.14 of the Code of Criminal Procedure for the proposition that
“a conviction cannot be had upon the uncorroborated testimony of an accomplice
witness.”  See Tex. Code Crim. Proc.
Ann. art. 38.14 (West 2005).  “An accomplice is someone who
participates with the defendant before, during, or after the commission of a
crime and acts with the required culpable mental state.”  Brown v. State,
270 S.W.3d 564, 567 (Tex. Crim. App. 2008).  In this case, the evidence showed
that Bryant was not an accomplice but was instead acting as a cooperating
individual with the police.  However, this distinction does not change the
standard of review that applies to an analysis of appellant’s first issue.  

Article
38.141 of the Code of Criminal Procedure establishes the covert-agent rule,
which states as follows:

            (a) A
defendant may not be convicted of an offense under Chapter 481, Health and
Safety Code, on the testimony of a person who is not a licensed peace officer
or a special investigator but who is acting covertly on behalf of a law
enforcement agency or under the color of law enforcement unless the testimony
is corroborated by other evidence tending to connect the defendant with the
offense committed.

 

            (b)
Corroboration is not sufficient for the purposes of this article if the
corroboration only shows the commission of the offense.

 

Tex. Code Crim. Proc. Ann. art.
38.141(a)–(b) (West 2005).  The standard for evaluating the sufficiency of the
corroboration of the testimony of a covert witness, such as a cooperating
individual, is the same as that used for evaluating the sufficiency of the
corroboration of the testimony of an accomplice witness.  Malone v. State,
253 S.W.3d 253, 256–58 (Tex. Crim. App. 2008).  Thus, when weighing the
sufficiency of corroborating evidence under Article 38.141(a), we must exclude
the testimony of the covert agent from consideration and examine the remaining
evidence to determine whether there is evidence that tends to connect the
defendant to the commission of the offense.  Malone, 253 S.W.3d at 258. 
The tends-to-connect standard does not present a high threshold.  Randall v.
State, 218 S.W.3d 884, 886 (Tex. App.—Houston [1st Dist.] 2007, pet.
ref’d); Cantelon v. State, 85 S.W.3d 457, 461 (Tex. App.—Austin 2002, no
pet.).

            Standing
alone, the corroborating evidence need not prove the defendant’s guilt beyond a
reasonable doubt.  Malone, 253 S.W.3d at 257.  To be sufficient, the
corroborating evidence must show more than just the “mere presence” of the
defendant at or near the scene of the crime.  Id.  However, the corroborating
evidence does not have to directly link the defendant to the crime.  Taylor
v. State, 328 S.W.3d 574, 578 (Tex. App.—Eastland 2010, pet. ref’d); Smith
v. State, 211 S.W.3d 476, 478 (Tex. App.—Amarillo 2006, no pet.).  Instead,
the corroborating evidence need only tend to connect the defendant to the
offense.  Malone, 253 S.W.3d at 258–59.  We review the corroborating
evidence in the light most favorable to the verdict.  Taylor, 328 S.W.3d
at 578; Smith, 211 S.W.3d at 478.




 

Analysis

            Applying
the above standard of review, we will review the corroborating evidence in the
light most favorable to the verdict.  During his testimony, Sergeant Price
confirmed that Bryant was working with the police as a cooperating individual. 
Sergeant Price said that, on March 27, 2009, he and Bryant met before Bryant
went to appellant’s house.  During that meeting, Sergeant Price thoroughly
searched Bryant and his vehicle to make sure that Bryant did not have any
illegal drugs.  Sergeant Price gave Bryant a recording device and also a $20
bill for the purchase of cocaine.  Sergeant Price followed Bryant to Harris’s
house and, later, to appellant’s house. Bryant’s vehicle was in Sergeant
Price’s view during the trips to Harris’s house and appellant’s house.  Sergeant
Price knew appellant, and he also knew where she lived.  Sergeant Price testified
that he saw Bryant enter and exit appellant’s house.  After Bryant left
appellant’s house, Sergeant Price and Bryant met at the location of their
previous meeting.  Bryant told Sergeant Price that the cocaine was in Bryant’s
car.  Sergeant Price said that he retrieved the cocaine and placed it in a
Ziplock bag.  Sergeant Price knew appellant’s voice, and he recognized her
voice on the audio recording of the incident.

            Sergeant
Price’s testimony and the audio recording strongly corroborated Bryant’s
testimony.  Based on Sergeant Price’s testimony, the jury could have rationally
found that the corroborating evidence tended to connect appellant to the
delivery of the cocaine.  Malone, 253 S.W.3d at 258–59.

            In Taylor,
we held that the corroborating, non-covert agent evidence did not tend to
connect the appellant to the commission of the offense.  In that case, the
covert agent testified that he purchased cocaine from the appellant at the
appellant’s father’s house.  Id. at 576, 578.  However, in Taylor,
no police officer watched the covert agent go to the subject house.  Id.
at 578.  Therefore, no officer saw the covert agent enter or exit the house. 
Additionally, in Taylor, no evidence other than the testimony of the
covert agent connected the appellant to the house where the covert agent said
he bought the cocaine.  Id.  For example, the State did not present
corroborating evidence that the appellant’s father owned the house.  Finally,
while there was an audio recording in Taylor, no one except the covert
agent identified the appellant’s voice as being on the recording.   Id.
at 579.  Thus, Taylor is easily distinguishable from the instant case.  

            In
this case, the corroborating evidence tended to connect appellant to the
commission of the offense.  Therefore, we hold that the evidence is legally
sufficient to support appellant’s conviction.  Appellant’s first issue is
overruled.

Appellant’s
Sentence

            On
May 17, 2005, in Cause Nos. 8908 and 8909, appellant was convicted for two
offenses of delivery of a controlled substance in a drug-free zone.  The State
introduced copies of the judgments in these causes into evidence during the
punishment phase of appellant’s trial.  The judgments indicate that appellant
and the State entered into a plea agreement in those cases. The judgments also
indicate that, pursuant to the terms of the plea agreement, the trial court
sentenced appellant to confinement for ten years.  The judgments in both causes
provided that “SENTENCE IS CONCURRENT WITH ANY OTHER SENTENCE UNLESS
OTHERWISE SPECIFIED.”

At
the sentencing hearing in this case, appellant’s counsel, when discussing the
concurrent sentences in Cause Nos. 8908 and 8909, stated that, “[o]bviously,
that was part of the plea bargain agreement.”  In her second appellate issue, appellant
contends that, because the plea agreement in the earlier causes provided that
the sentences would run concurrently with any other sentence, the trial court
was required in this cause to order her seventy-five year sentence to run
concurrently with the sentences in the earlier causes.  Therefore, appellant
contends that the trial court abused its discretion by ordering that appellant’s
seventy-five year sentence run consecutively to the earlier sentences.

Appellant’s
second issue is based on the alleged terms of the plea agreement in the prior
causes.  However, appellant did not introduce copies of the plea agreement into
evidence in this cause.  We cannot consider evidence that was not introduced
into the record.  Whitehead v. State, 130 S.W.3d 866, 872 (Tex. Crim.
App. 2004); Lewis v. State, 504 S.W.2d 900, 904 (Tex. Crim. App. 1974). 
In the absence of evidence of the terms of the plea agreement, appellant cannot
succeed on a claim that the trial court’s sentence in this cause violated the
terms of the plea agreement.  Additionally, assuming that the prior plea
agreement provided that the sentences would run concurrently with any other
sentence, appellant has not shown how the earlier plea agreement could apply to
a future sentence for a felony she committed almost four years after entering
into the plea agreement.  It seems unlikely that the State would have agreed in
the prior causes that a sentence for a future offense would run concurrently
with the sentences.  It also seems unlikely that the trial court would have
approved such an agreement.  Appellant’s second issue is overruled.

This
Court’s Ruling

            The judgment of the
trial court is affirmed.

 

                                                                                    

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

May 17, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









[1]The record does not reflect the date that appellant was
placed on parole for the earlier offenses or the date that her parole was
revoked.